UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sharon T. Black, ) | |
| ) | |
| Plaintiff, ) | C/A: 6:13-1416-HMH-KFM |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| David Terry, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  Plaintiff Sharon T. Black ("Plaintiff") brings this civil action *pro se* and *in forma pauperis* under 28 U.S.C. 1915. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The undersigned recommends summary dismissal of the Complaint for failure to state a claim on which relief may be granted.

Standard of Review

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett*

*v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background and Discussion

Plaintiff complains that she is still suffering the consequences of a license suspension after Defendant police officer stopped her on suspicion of DUI on June 18, 2011. ECF No. 1 at 3. She alleges she refused a breathalyzer, resulting in a license suspension, but won her criminal DUI case. ECF No. 1 at 2-3. She complains that though she was not convicted of DUI, her insurance premiums remain higher due to the suspension, and she wants money damages to make up the difference. ECF No. 1 at 3, 5. She reports she lost her appeal to the DMV to have her suspension revoked. ECF No. 1 at 5. It is not clear if she previously attempted to sue Defendant.

The Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)[1], as Plaintiff has failed to state a claim for relief under § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."

essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is not clear what constitutional right Plaintiff believes was violated. Defendant was the arresting officer in her case, so it is possible she is attempting to sue for false arrest. If so, she has not stated a claim. Plaintiff offers no facts to support any implied assertion that she was arrested illegally; she does not, for instance, allege that she was arrested without due process or pursuant to a warrant that was facially invalid. *See Porterfield v. Lott,* 156 F.3d 563 (4th Circuit 1998)(there is no false arrest in violation of the Fourth Amendment if the arrest is made pursuant to a facially valid arrest warrant).

Rather, refusing a breathalyzer results in an automatic license suspension in South Carolina. South Carolina Code § 56-5-2950(B)(1) provides: "[H]e does not have to take the test or give the samples, but . . . his privilege to drive must be suspended or denied for at least six months if he refuses to submit to the test and . . . his refusal may be used against him in court." Plaintiff does not allege that Defendant had a duty to notify her of this law or that he failed to do so when she refused to take the breathalyzer test. It is unclear, then, on what theory Plaintiff believes she should be able to collect for the consequences of the mandatory license suspension.

It is possible that Plaintiff is attempting to ask this Court to overturn the state court decision that denied her appeal of her suspension. If so, this request would be unavailing. This Court is not an appellate court for state courts. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 476 (1983), in which the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine.

In *Safety-Kleen, Inc. v. Wyche*, the Fourth Circuit noted:

> The *Rooker-Feldman* doctrine holds that "lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir.1997). *See also D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86 (1983). The *Rooker-Feldman* doctrine precludes "review of adjudications of the state's highest court [and] also the decisions of its lower courts." *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir.1997). The *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler*, 129 F.3d at 731 (4th Cir.1997)(internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id*. (internal quotation marks omitted).

274 F.3d 846, 857-58 (4th Cir. 2001)*.*

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*:

> The Rooker- Feldman doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

544 U.S. 280, 284 (2005). *See also Davani v. Va. Dep't of Transp*., 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in

4

federal district court seeks redress for an injury caused by the state-court decision itself").

## Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

June 7, 2013
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).